GULOTTA, Judge
(concurring).
I find no disagreement with the findings of fact nor the conclusion reached by the majority in assessing 'tort responsibility upon Golemi individually. However, I fear the reasoning employed by the majority resulting in a determination that Golemi has no responsibility in workmen’s compensation might sanction the use of the creation of an interposed corporation (Golemi, Inc.) to avoid workmen’s compensation responsibility. I disagree with the determination that Golemi individually was not engaged in the business, trade, or occupation of building houses. The record does not support such a conclusion. At the risk of being repetitious, certain salient facts bear repeating.
The ground was purchased in the name of Golemi, individually, and the residence was being constructed by the corporation. The record reflects that Golemi was at one time the owner of stock of Tradition Homes, Inc.[1] and also the controlling stockholder of Anthony L. Golemi Contractors, Inc.[2] — the remaining stockholders being Golemi’s wife and son. Golemi also owned the Town and Country Real Estate Agency.
Certain transactions in connection with the purchase of ground and construction of residences in 1968 were conducted through Tradition Homes, Inc. Thereafter, transactions of a similar nature were conducted through Anthony L. Golemi Contractors, Inc. It was Golemi’s practice to purchase *73 the land in the name of the corporation and to conduct all negotiations for the construction of the buildings in the corporate name. He deviated from this practice in connection with the purchase of the ground or lots when the lending institution or homestead required that he purchase the lot individually. The record reflects purchases in Golemi’s name individually as well as purchases in the corporate name; however, when purchases were made in the corporate name, the notes were endorsed by Golemi, individually. Contracts for the construction of the residences or buildings were entered into in the name of and by the corporation. Golemi testified that when he sold the property, the proceeds went into the corporation. This procedure was employed by Golemi and the corporation in the instant case. Golemi personally purchased the ground, whereas the corporation constructed the residence.
Golemi is president of Anthony L. Gole-mi Contractors, Inc. He supervised and coordinated the construction of the subject residence. His income was in the form of a salary drawn from the corporation. In view of the record, I find Golemi’s description of his occupation as that of a builder engaged in the occupation of building and selling houses to be accurate and fitting.
Since Golemi, individually, was engaged in the business, trade, or occupation of building and selling houses at the time of the injury to the plaintiff, he is a statutory employer. As such, the protection of the Section Six defense is available to him. However, Golemi uniquely occupies another position.
While the majority refers to Golemi as an executive of the corporation, he is, nevertheless, a corporate employee supervising the construction of the residence. He finds himself, through his own making, owner, president of the corporation, coordinator and supervisor of construction as well as one who has the responsibility of ordering and purchasing materials. As such, he is' a fellow employee of the plaintiff, Cole, an employee of a subcontractor. It is in this latter capacity, as a fellow employee of Cole, that Golemi can be held to be responsible in tort.
While I find Golemi to be a principal covered by the Section Six defense, I am, nevertheless, of the opinion that he cannot avail himself of the protective umbrella of the statute to escape tortious liability as an employee of the corporation. As such, he is responsible under LSA-C.C. art. 2315 for any injury resulting to his fellow employees by reason of his negligence. This, I believe is the situation in the instant case.
I agree with the majority in that the record amply supports a finding of negligence on the part of Golemi, individually. I, therefore, concur with the result reached by the majority.

. Golemi owned 40% of the stock in Tradition Homes, Inc., and subsequently purchased outstanding stock in the amount of 50% owned by a third party. The remaining stockholder was Anthony L. Golemi, Jr.

. Golemi owned 60% of the stock of Anthony L. Golemi Contractors, Inc.